CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 26, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHANIEL BRUCE DUNMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPUTY PHLEGAR, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Nathaniel Bruce Dunmore ("Plaintiff"), proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983 against Defendant Deputy Pfleger ("Defendant").[1] (*See* Compl. [ECF No. 1].) This matter is before the Court on Defendant's motion to dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Def.'s Mot. to Dismiss [ECF No. 14].) For the reasons set forth below, the Court will grant Defendant's motion and dismiss this case.

I.

Plaintiff claims that, on December 6, 2023, between 1:00 a.m. and 1:45 a.m., Defendant opened the door to dormitory 2I—where Plaintiff was being housed—and "maliciously" shoved a mop bucket into the dorm. (Compl. at 2.) Plaintiff claims that the mop handle struck him in the left knee "causing an injury and excruciating pain." (*Id.*) He contends that

---

[1] Although Plaintiff has, in different filings, referred to Defendant as Deputy "Fledger" and Deputy "Phleglar," Defendant's motion to dismiss clarifies that his name is Deputy Pfleger. The clerk will be directed to update the caption of the case to reflect the correct spelling of Defendant's name.

Defendant's actions violated his rights under the Eighth and Fourteenth Amendments, and he seeks $10,000 in compensatory and punitive damages. (*Id.*)

Defendant moves to dismiss Plaintiff's claims against him on the grounds that the well-pleaded factual allegations in Plaintiff's complaint fail to state a claim for relief under § 1983. (*See* Def.'s Mot. to Dismiss 1–2.) Defendant's motion has been fully briefed and is ripe for disposition. (*See* Pl.'s Resp. [ECF No. 16]; Def.'s Reply [ECF No. 17]; Pl.'s Surreply [ECF No. 18].)[2]

## II.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that

---

[2] Plaintiff filed a second "response" to Defendant's motion to dismiss after Defendant filed his reply, which directly responds to points raised in Defendant's motion to dismiss and which the Court therefore construes as a surreply. (*See generally* Pl.'s Surreply.) Plaintiff's pleading is unauthorized; the Local Rules of this Court do not permit parties to file surreplies without first obtaining leave of court. *See* Local R. 11(c)(1) (providing time in which parties are to file briefs, responsive briefs, and reply briefs and stating "[n]o further briefs (including letter briefs) are to be submitted without first obtaining leave of court"); *see also Chenevert v. Kanode*, No. 7:21-CV-00562, 2022 WL 7031647, at *1 (W.D. Va. Oct. 12, 2022) (striking unauthorized surreply). But here, even if the Court considers the arguments set forth in Plaintiff's surreply, its conclusion that Plaintiff has failed to state a claim for relief against Defendant is unchanged.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff brings his claims under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

Although Plaintiff states that his claims are based on Defendant's alleged violation of the Eighth and Fourteenth Amendments, he alleges the actions giving rise to his claim

occurred while he was incarcerated at Roanoke City Jail, indicating they occurred while Plaintiff was a pretrial detainee rather than after he had been convicted and sentenced. (Compl. 1.) Consequently, his claims must be evaluated under the Fourteenth Amendment, not the Eighth Amendment. *See Simmons v. Whitaker*, 106 F.4th 379, 387 (4th Cir. 2024) ("For a pretrial detainee, the proper standard comes from the Fourteenth Amendment."). To succeed on such a claim, Plaintiff must allege facts showing that "the force purposely or knowingly used against him was objectively unreasonable." *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)).

This inquiry has two elements. First, the plaintiff must allege facts that, if true, would show that the defendant acted deliberately "with respect to his physical acts." *Kingsley*, 576 U.S. at 396. This means that "his state of mind with respect to the bringing about of certain physical consequences in the world" must have been "purposeful, . . . knowing, or possibly . . . reckless. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley*, 576 U.S. at 396 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)) (emphasis in original). If, for example, "an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim." *Id.* Only if the use of force is "deliberate"—"*i.e.*, purposeful or knowing" and not negligent or accidental—may the plaintiff's claim proceed. *Id.*

Second, the use of force must have been "objectively unreasonable." *Id.* at 397. To determine whether the force used was reasonable, the Court considers the following, non-exhaustive list of factors:

- 4 -

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397. This test is not to be applied "mechanically" but "requires careful attention to the facts and circumstances of each particular case." *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 467 (2021).

Defendant argues that Plaintiff's excessive-force claim fails because he has not alleged sufficient facts demonstrating that Defendant's use of force was deliberate as opposed to negligent or accidental. (*See* Def.'s Mot. to Dismiss 3–4.) Though Defendant acknowledges that Plaintiff alleges Defendant acted "maliciously," he contends Plaintiff's use of that term is "a conclusory legal assertion devoid of sufficient factual enhancement to be accepted as true." (*Id.* at 4.) In response, Plaintiff argues that video footage of the incident will reveal that Defendant disregarded state policy by handling the mop bucket recklessly and urges the Court not to dismiss his claims before reviewing the footage. (Pl.'s Resp. 2.)

The Court agrees with Defendant that, even construing the factual allegations in Plaintiff's favor, Plaintiff's allegations do not state a claim for a constitutional violation. First, it is not clear from the allegations in the complaint that Defendant deliberately used any force against Plaintiff. Though Plaintiff's allegations support the reasonable inference that Defendant deliberately "shoved" the mop bucket, no allegation allows the Court to infer that he deliberately had any physical contact with Plaintiff or even any knowledge that Plaintiff was in the vicinity.

As stated above, to demonstrate excessive force under the Fourteenth Amendment, Plaintiff must allege facts showing that force was "purposely or knowingly used *against him*." *Kingsley*, 576 U.S. 396–97 (emphasis added). The defendant must possess a purposeful, knowing, or possibly reckless state of mind as to the entire "series of events that have taken place in the world." *Id.*; *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property.") (emphasis in original); *Lewis*, 523 U.S. at 848 ("[T]he due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm.").

For this reason, courts in this Circuit have dismissed Fourteenth Amendment excessive-force claims where the plaintiff did not sufficiently allege that the force which ultimately harmed the plaintiff was deliberately directed at him by the defendant. *See, e.g.*, *White v. Thompson*, No. 2:21-CV-00581, 2023 WL 2541965, at *4–5 (S.D.W. Va. Mar. 16, 2023) (finding no Fourteenth Amendment violation when plaintiff was injured by defendant who lost his balance and fell on her because "there [was] no evidence that [the defendant] purposefully caused [the plaintiff] to hit the floor a second time or that he 'deliberately fell on top of her'"); *Eggleston v. McDowell*, No. CV DKC 18-3419, 2020 WL 1248912, at *1–3 (D. Md. Mar. 16, 2020) (finding no constitutional violation based on plaintiff's allegation that the defendant "left [the plaintiff] vulnerable" to being shut in a steel door because "there [was] no evidence that he deliberately caused the door to close on Plaintiff's finger" and defendant was, at most, "negligent in having Plaintiff stand where his hand was dangerously close to the heavy door"); *Karn v. PTS of Am., LLC*, 590 F. Supp. 3d 780, 819 (D. Md. 2022) (finding no

- 6 -

constitutional violation where plaintiff was injured after being thrown from his seat due to defendant's erratic driving because "[t]he 'force' applied—Plaintiff being thrown out of his seat by the driving—was not 'purposeful or knowing'" but was "a byproduct of [the defendant's] speeding"). So too here; Plaintiff has failed to state a claim based on a violation of the Fourteenth Amendment because he has not plausibly alleged that the force used *against him* was deliberate and not merely negligent or accidental.

Though Plaintiff alleged that Defendant "maliciously shoved" the mop bucket (Compl. 2) and states in his response brief that Defendant "disregarded policy of [the] state government by handling the mop bucket reckless[ly]" (Pl.'s Resp. 2), he has not alleged—or even argued—that the force which harmed him, *i.e.*, the mop handle striking him in the knee, was deliberate. In fact, Plaintiff's response brief clarifies his position that Defendant's alleged mishandling of the mop bucket "was the reason he struck me with the mop stick on my left knee." (*Id.*; *see also* Pl.'s Surreply 1–2 (claiming Defendant "didn't place the mop bucket that contained the mop stick that struck [him] on [his] left knee in the pod safely," that Defendant "shoved the mop bucket in the pod in an uncontrolled manner causing the mop stick to strike [him]," and that he "handled the mop bucket without care for anyone['s] safety" ).) Plaintiff's statements and allegations illustrate that his claim is one derived from Defendant's negligence rather than a purposeful use of force. This is insufficient to state a Fourteenth Amendment claim. *Cf. Daniels*, 474 U.S. at 332 (finding no Fourteenth Amendment violation where an inmate was injured when he slipped on a pillow negligently left on the stairs by a correctional officer, because "[t]he only tie between the facts of this case and anything governmental in nature is the fact that respondent was a sheriff's deputy at the Richmond city jail and petitioner was an

inmate confined in that jail" and, "while the Due Process Clause of the Fourteenth Amendment obviously speaks to some facets of this relationships, we do not believe its protections are triggered by lack of due care by prison officials")

Plaintiff's description of Defendant's mop handling as "malicious," standing alone, does not reasonably allow the Court to infer that Defendant deliberately caused the mop to strike Plaintiff in the knee, particularly in light of his other statements about Defendant's conduct. *See Eggleston*, 2020 WL 1248912, at *1 (holding that plaintiff's assertion that defendant "was overly aggressive" in the moments leading up to the negligently caused injury was not enough to demonstrate purpose or knowledge). And to the extent Plaintiff's allegations could allow the Court to infer that Defendant acted recklessly, Plaintiff has still not stated a plausible claim for relief. The Supreme Court has stated that Fourteenth Amendment liability is a "closer call" in cases where "culpability falls between negligence and intentional conduct." *Lewis*, 523 U.S. at 834. But the Supreme Court has not yet expanded on its pronouncement that a reckless state of mind may "possibly" support a Fourteenth Amendment excessive-force claim, and the recklessness at issue is still recklessness with regard the series of events that physically occurred. *See Kinglsey*, 576 U.S. at 396–97. Thus, courts have repeatedly held that when force intentionally applied to an object unintentionally causes that object to make contact with and injure the plaintiff, there is no due process violation, regardless of whether the defendant was acting recklessly. *See, e.g.*, *Acosta v. Williamson Cnty., Tex.*, No. 23-50777, 2024 WL 3833303, at *7 (5th Cir. Aug. 15, 2024) (affirming summary judgment for defendant where the evidence did not show "beyond speculation" that he deliberately slammed cell door on plaintiff's finger); *Karn*, 590 F. Supp. 3d at 819 (reckless driving by defendant was not excessive force

under the Fourteenth Amendment because "Plaintiff has not shown that the 'force' applied was knowing or purposeful"); *Dora v. Rowe*, No. 5:20-CV-00270-H, 2023 WL 9596275, at *9 (N.D. Tex. Feb. 15, 2023) (granting summary judgment for defendant who claimed he "accidentally stumbled and tripped, making incidental contact with Plaintiff's head" where evidence belied plaintiff's claims that defendant intentionally kicked him). In short, Plaintiff's allegations are insufficient to take his claim from simply "possible" into the realm of plausibility, as required to survive Defendant's motion to dismiss.

### IV.

For these reasons, the Court will grant Defendant's motion to dismiss and dismiss this action under Federal Rule of Civil Procedure 12(b)(6).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 26th day of November, 2024.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE